IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22cv788 (MSN/WEF) |
| | ) | |
| $12,245.00 U.S. CURRENCY, | ) | |
| | ) | |
| Defendant in Rem. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the United States of America's ("Plaintiff") Motion for Default Judgment and Order of Forfeiture. (Dkt. 10). In this *in rem* action, Plaintiff alleges that during a June 12, 2020 traffic stop initiated and conducted by the Arlington County Police Department (the "ACPD"), the Drug Enforcement Administration (the "DEA") seized $12,245.00 of United States currency (the "Defendant Currency"), which was the proceeds of the unlawful distribution of marijuana, a controlled substance under federal law. (Compl. ¶ 50). Plaintiff now seeks a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) and the entry of an order forfeiting the Defendant Currency pursuant to 21 U.S.C. § 881(a)(6). *Id.* at 1. For the reasons set forth below, the undersigned United States Magistrate Judge recommends the Court grant Plaintiff's Motion.

**I.    Procedural History**

On July 14, 2022, Plaintiff filed a verified complaint *in rem* for forfeiture of the Defendant Currency. (Dkt 1) ("Compl.").

On August 8, 2022, the warrant and summons for arrest *in rem* were duly executed on the Defendant Currency by the United States Marshal Service, pursuant to Supplemental Rule G(3)(b), (c). (Dkt. 8-1 ¶ 4; *see also* Dkt. 6).

Plaintiff executed service by publication, provided notice to three interested parties who could be located, and, as will be discussed in greater detail below, took reasonable steps to provide notice to a fourth interested party whose current whereabouts could not be confirmed. No person has filed a verified claim or statement of interest, or otherwise appeared or answered the complaint, within the time permitted to do so. (Dkt. 8-1 ¶ 6) ("Hudson Decl.").

Following the expiration of the time for filing a claim, Plaintiff filed a request for entry of default on February 23, 2023, supported by an affidavit from Assistant United States Attorney Kevin Hudson. (Dkts. 8, 8-1). Pursuant to this request, the Clerk entered a default on February 28, 2023. (Dkt. 9). On March 2, 2023, Plaintiff filed the Motion for Default Judgment and Order of Forfeiture. (Dkt. 10). A hearing of the Motion was held on March 24, 2023, before the undersigned, at which counsel for Plaintiff was present but no claimant appeared on behalf of the Defendant Currency. (Dkt. 13).[1]

## II. Jurisdiction and Venue

The Court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. District courts have original jurisdiction over actions commenced by the United States, 28 U.S.C. § 1345, and over actions for forfeiture, 28 U.S.C. § 1355(a). The United States of America is the plaintiff in this action and brought this claim under

---

[1] There is no indication that Plaintiff served notice of the hearing of the Motion for Default Judgment on the interested parties. However, neither Supplemental Rule G nor any Federal Rule of Civil Procedure requires the Plaintiff serve such notice under the circumstances, and the undersigned finds the lack of notice of the hearing does not prevent the Court from granting Plaintiff's requested relief.

21 U.S.C. § 881(a)(6) against the Defendant Currency.  Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355(a).  Because the Defendant Currency was seized in Arlington, Virginia, within the Eastern District of Virginia, the Court has *in rem* jurisdiction over those funds.  28 U.S.C. § 1355(b).  Moreover, venue is proper in this Court pursuant to 28 U.S.C. § 1395(a) because the funds were seized in this district.

For these reasons, the undersigned recommends a finding that this Court has subject matter jurisdiction over this action, that the Court has *in rem* jurisdiction over the Defendant Currency, and that venue is proper in this Court.

### III.     Service of Process and Notice to Interested Parties

The Court must also be satisfied that the defaulting parties have been properly served.  Here, a warrant and summons of arrest *in rem* were issued as to the Defendant Currency, and on August 8, 2022, the United States Marshals Service executed the warrant and summons of arrest *in rem*.  (Dkts. 5, 6).  Plaintiff therefore has demonstrated it complied with the service requirements under Supplemental Rule G(3)(b) and (c).  (Dkt. 7).

Furthermore, in a civil forfeiture action such as this, Supplemental Rule G requires notice by publication and service upon known potential claimants.  Plaintiff published notice of this action on the official government website, <www.forfeiture.gov>, for a period of 30 days, beginning August 30, 2022.  (Dkt. 7).  With respect to potential claimants, there were four occupants of the vehicle at the time the Defendant Currency was seized.  During the traffic stop these four individuals were identified by law enforcement as Lyka Austin, Michael Mason, Jonathan Johnson, and Richard Arthur Anderson, IV. (Hudson Decl. ¶ 6).  These four individuals are the only known potential claimants.  Notice of this action and a copy of the complaint were

mailed to these four individuals. Plaintiff was able to confirm receipt of notice by each person except Mr. Anderson. *Id.*

Plaintiff made "[m]ultiple attempts" to provide Mr. Anderson with notice of this case but his current residence could not be confirmed. (Hudson Decl. ¶ 6). Plaintiff conducted due diligence to locate Mr. Anderson, "including searching law enforcement databases for updated addresses and checking with the Drug Enforcement Administration case agent as to whether that agency had any updated address information." Plaintiff also attempted to locate Mr. Anderson through an attorney who it believed, based upon "the [DEA]'s files", previously represented Mr. Anderson. However, the attorney responded that Mr. Anderson had never retained him and that he did not have a forwarding address or contact information for Mr. Anderson. *Id.* Plaintiff attempted to perfect service by sending notice of the action and a copy of the complaint to Mr. Anderson at two addresses, including the address he provided to law enforcement during the traffic stop. Plaintiff at multiple times searched law enforcement databases, including as recently as February 16, 2023, for updated address information of Mr. Anderson. The last attempted service on Mr. Anderson was mailed January 10, 2023. *Id.* Although Plaintiff ultimately could not confirm Mr. Anderson's current location or his receipt of notice, the undersigned finds that Plaintiff exercised reasonable due diligence in attempting to locate and serve Mr. Anderson and therefore Plaintiff has satisfied the notice requirements under Supplemental Rule G(4).[2]

---

[2] As discussed below, during the traffic stop Mr. Anderson stated to officers that he was currently receiving housing assistance from the District of Columbia. The record does not reflect whether the Plaintiff attempted to locate Mr. Anderson through the District of Columbia Department of Human Services. However, given that Mr. Anderson made this statement more than two years before this action was filed and did not state what type of housing assistance he was receiving, the Court does not read Supplemental Rule G as requiring this step.

4

## IV. Grounds for Default

Any claimant to the Defendant Currency was required to file a claim within 35 days after written notice was sent or 60 days from the first day of publication on the official government website, and an answer to the complaint or file a Federal Rule of Civil Procedure 12 motion within 21 days after the filing of a claim. Fed. R. Civ. P. Supp. R. G(5)(a)-(b). No person has filed a verified claim or statement of interest as required, nor otherwise appeared or answered the complaint, and the time to do so has expired.

## V. Findings of Fact and Proposed Findings of Law

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. Mar. 26, 2014) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)). However, the defaulting party is not deemed to admit conclusions of law or "allegations regarding liability that are not well-pleaded." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. Feb. 2, 2011) (internal quotation marks and citations omitted)). Consequently, before entering default judgment, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. Feb. 5, 2003) (citations omitted).

Based on the complaint and Plaintiff's Motion for Default Judgment and supporting memorandum, and the supporting documents submitted with these filings, the undersigned makes the following findings of fact and proposed findings of law.

On June 12, 2020, at the intersection of South Hayes Street and South 12th Street in Arlington, Virginia, Arlington County Police Officers observed a vehicle with illegal window tint

and initiated a traffic stop. (Compl. ¶¶ 7–8). As one of the officers approached the passenger side of the vehicle, he identified a strong odor of raw marijuana coming from the inside of the vehicle. (Compl. ¶ 9). The officers identified a driver and three passengers in the vehicle. (Compl. ¶ 10). Richard Anderson was sitting in a rear passenger's seat. (Compl. ¶ 11). The officers performed a search of the vehicle and discovered a backpack, which had a strong odor of marijuana coming from it. (Compl. ¶¶ 13–15). Mr. Anderson stated the backpack belonged to him. (Compl. ¶ 14). Inside the backpack, the officers found the Defendant Currency. (Compl. ¶ 15).

Mr. Anderson was read his *Miranda* rights, and he then waived those rights and agreed to speak with police officers. (Compl. ¶ 17).

Mr. Anderson told the officers that the Defendant Currency was to be used to buy another vehicle, a BMW. (Compl. ¶ 18). At first, Mr. Anderson claimed the Defendant Currency was income from a current construction job, but then conceded he was no longer employed at that job and was collecting unemployment benefits. (Compl. ¶¶ 19–20). Mr. Anderson voluntarily provided his cell phone to the officer for the purpose of reviewing an unemployment website and to read text messages regarding Mr. Anderson's planned purchase of a BMW. (Compl. ¶¶ 21–22). The officer found in Mr. Anderson's text messages multiple recent messages from unidentified individuals asking Mr. Anderson about the purchase of marijuana. Specifically, individuals seeking to purchase marijuana asked Mr. Anderson about the price of "flavors," to which Mr. Anderson responded with a price and that he had "Snickerdoodles, Sour Patch, Candyland, Skywalker OG." (Compl. ¶ 23). Each "flavor" listed is a known name for a "unique strain of marijuana." (Compl. ¶ 24). Other messages referenced different "flavors" being sold by Mr. Anderson, such as "Gelato," which is also a unique strain of marijuana. (Compl. ¶ 25, n.2). The

messages included questions to Mr. Anderson about whether he was "serving" that day, to which Mr. Anderson responded with an address. (Compl. ¶ 23).

A task force officer from the Drug Enforcement Administration (the "DEA") then arrived at the scene and spoke with Mr. Anderson. (Compl. ¶ 26).

The DEA agent, upon arriving to the scene, "learned that Mr. Anderson had a criminal history that included drug-related convictions." (Compl. ¶ 26).

When asked how he had obtained the money, Mr. Anderson told officers he had been saving the money. (Compl. ¶ 30). However, Mr. Anderson conceded he was not employed and was receiving housing and food assistance through the District of Columbia social service department. (Compl. ¶ 31).

Mr. Anderson's girlfriend who was present, Lyka Austin, also claimed to have an interest in a portion of the money but could not substantiate the source of her claimed interest. (Compl. ¶ 37).

The task force officer, in light of their training and experience, and considering "the lack of any substantiated explanation for how Mr. Anderson and Ms. Austin obtained the cash, the text messages on Mr. Anderson's phone indicating that he was engaged in the distribution of marijuana, the strong odor of marijuana emanating from the car and the backpack, and Mr. Anderson's drug-related criminal history," determined the Defendant Currency was drug proceeds and therefore seized the money. (Compl. ¶ 39). The officers explained the seizure procedure and provided a receipt to Mr. Anderson, who accepted it. (Compl. ¶¶ 40–44). Mr. Anderson then left the scene in the same vehicle. (Compl. ¶ 44).

As set forth in the complaint, the Defendant Currency allegedly constitutes proceeds traceable to a violation of 21 U.S.C. § 841 *et seq.* (Compl. ¶¶ 2, 50). In order to obtain forfeiture

of the Defendant Currency, pursuant to 21 U.S.C. § 881(a)(6), the United States must establish probable cause "for belief that a substantial connection exists between the property to be forfeited and the criminal activity defined by the statute." *Boas v. Smith*, 786 F.2d 605, 609 (4th Cir. 1986) (citations omitted). The Court finds that based on the totality of the circumstances, Plaintiff has satisfied its burden for the following reasons: (1) the backpack in which the Defendant Currency was found belonged to Mr. Anderson; (2) the backpack in which the Defendant Currency was found smelled strongly of raw marijuana, demonstrating a direct nexus between the drugs and the seized money; (3) Mr. Anderson's phone contained recent text messages that establish he was engaged in the sale of marijuana; (4) Mr. Anderson admitted to making a false statement to law enforcement about the source of the Defendant Currency, which is consistent with an attempt to conceal the fact that the funds were the proceeds of unlawful activity; (5) Mr. Anderson was unable to provide documentation supporting the source of the Defendant Currency; (6) Mr. Anderson had no legitimate source of income other than unemployment benefits; (7) Lyka Austin was unable to provide documentation supporting the source of the Defendant Currency; and (8) Mr. Anderson and Ms. Austin provided inconsistent explanations about the source of the Defendant Currency. For these reasons, the undersigned finds that the well-pleaded facts in the complaint and the reasonable inferences to be drawn from those facts establish probable cause that the Defendant Currency constitutes the proceeds of the unlawful distribution of marijuana, a controlled substance under federal law, and as such is subject to condemnation and forfeiture to Plaintiff pursuant to 21 U.S.C. § 881(a)(6). *See also* 21 U.S.C. §§ 802(6), 841(a)(1).

## VI. Recommendation

Therefore the undersigned recommends that a default judgment be entered in favor of the Plaintiff and that an order of forfeiture be entered declaring that the Defendant Currency shall be

forfeited to the United States of America pursuant to 18 U.S.C. § 881(a)(6) and that the Attorney General, or a designee, shall be authorized to seize the forfeited funds and take full and exclusive custody and control of those funds once the order becomes final.

### VII.    Notice

By means of the Court's electronic filing system the parties and the public are notified that any request to vacate the entry of default or any objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

**ENTERED** this 1st day of June, 2023.

*William E. Fitzpatrick*
William E. Fitzpatrick
United States Magistrate Judge

Alexandria, Virginia

9